United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Earl Hall, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 23-20418-Civ-Scola |
| | ) |
| Midland Credit Management, Inc., | ) |
| Defendant. | ) |

## Order Remanding Case

This matter is before the Court on the Plaintiff's motion to remand this case to state court (Mot. to Remand, ECF No. 11) and the Defendant's motion to dismiss (Mot. to Dismiss, ECF No. 9). The Defendant has responded in opposition to the motion to remand. (Resp., ECF No. 15.) The Plaintiff has not replied in support of the motion to remand or in opposition to the motion to dismiss, and the time to do so has passed. After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **grants** the motion to remand (**ECF No. 11**) and therefore **denies** the motion to dismiss as moot (**ECF No. 9**).

The Defendant, Midland Credit Management, Inc., removed this Fair Debt Collection Practices Act ("FDCPA," 15 U.S.C. §§ 1692e) case from state court and subsequently moved to dismiss the complaint for failure to state a claim. (Not. of Removal, ECF No. 1; Mot. to Dismiss at 1-2.) In response, Plaintiff Earl Hall filed a motion to remand, arguing that because the Plaintiff pleads only statutory damages, the complaint does not plead sufficient "concreteness" of harm to support standing in federal court. (Mot. to Remand ¶ 4.) In response, the Defendant contends that the complaint does allege a sufficiently concrete harm. (Resp. at 1.) The complaint pleads two claims for relief: one for violation of 15 U.S.C. §§ 1692e and 1692e(10) relating to an alleged wrongful portrayal to settle a debt (Count I), and another claim under the same statute for wrongfully causing "the least sophisticated consumer to believe that the only way to 'stop' Defendant's collection attempts is to pay the alleged settlement amount." (Compl. ¶¶ 35, 42, ECF No. 1-2.)

Because the question of Article III standing implicates subject matter jurisdiction, it must be addressed as a threshold matter prior to the merits of any underlying claims. *Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, 781 F.3d 1245, 1250 (11th Cir. 2015). Article III of the Constitution grants federal courts judicial power to decide only actual "Cases" and "Controversies." U.S. Const. Art. III § 2. The doctrine of standing is a "core component" of this fundamental limitation that "determin[es] the power of the court to entertain the suit." *Hollywood Mobile Estates Ltd. v. Seminole Tribe of Fla.*, 641 F.3d 1259,

1264-65 (11th Cir. 2011) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). The "irreducible constitutional minimum" of standing under Article III consists of three elements: (1) the plaintiff must have suffered an actual or imminent injury, or a concrete "invasion of a legally protected interest"; (2) that injury must have been caused by the defendant's complained-of actions; and (3) the plaintiff's injury or threat of injury must likely be redressable by a favorable court decision. *Lujan*, 504 U.S. at 560–61; *see also Hollywood Mobile Estates Ltd.*, 641 F.3d at 1265 (stating same).

Here, neither count alleges a concrete harm to the Plaintiff. In fact, neither details any sort of alleged harm or damage at all—both counts plead only that the Defendant's conduct is alleged to be in violation of the FDCPA. (Compl. ¶¶ 32-43.) The Plaintiff never alleges that the Plaintiff accepted any of the Defendant's offers of settlement, was harmed in some way by the resolution of those offers, or suffered some loss based on the provision of the offers. (*Id.*) Simply stating that a Defendant's conduct has violated a statute is not sufficient to establish a concrete injury-in-fact that will sustain federal standing. *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 48 F.4th 1236, 1242 (11th Cir. 2022) ("A 'bare statutory violation' is not enough [to confer standing], no matter how beneficial we may think the statute to be.") (quoting *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 936 (11th Cir. 2020)). Accordingly, the Plaintiff lacks standing to pursue its claims in federal court, and the Court must therefore remand this matter.[1]

Finally, the Court declines to award attorney's fees, as the Plaintiff requests. (Mot. to Remand ¶¶ 13-16.) The Court does not find the removal have been objectively unreasonable. *See, e.g., Whisman v. Designer Brands Inc.*, No. 21-21708-CIV, 2021 WL 2389544, at *2 (S.D. Fla. June 11, 2021) (Scola, J.)

For the reasons stated above, the Court **grants** the joint motion to remand (**ECF No. 11**) and **remands** the case to state court. The Court **directs** the Clerk to **clos**e this case and take all necessary steps to ensure the prompt remand of this matter and the transfer of this file back to the **County Court for the Eleventh Judicial Circuit in and for Miami-Dade County**. The Defendant's motion to dismiss is **denied** as moot. (**ECF No. 9**.) All other pending motions, if any, are **denied** as moot.

**Done and ordered** in Miami, Florida, on April 13, 2023.

_____
Robert N. Scola, Jr.
United States District Judge

---

[1] Because the Court lacks jurisdiction, it cannot and does not address the Defendant's motion to dismiss.